FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 12, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JAMES RUSSELL BRADBURY,

        Defendant.

No. 2:15-CR-0016-JLQ
     2:15-CR-0039-JLQ

ORDER DENYING § 2255 MOTION

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant was charged and convicted in two criminal cases in 2015, Cause No. 15-16 and 15-39. Defendant has filed the § 2255 Motion in both cases[1] and one of his arguments challenges the consecutive sentence imposed. The court has reviewed the Motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings and has determined that no response is required. See Rule 5(a)("The respondent is not required to answer the motion unless a judge so orders.").

**I. Introduction and Background**

On March 3, 2015, an Indictment was filed charging Defendant with failure to register as sex offender under 18 U.S.C. 2250(a) in case number 15-16. On April 21, 2015, an Indictment was returned charging Defendant with possession and receipt of

---

[1] The Motion is ECF No. 49 in Case 15-16, and ECF No. 48 in Case 15-39.

ORDER - 1

child pornography in case number 15-39. Because of a prior federal conviction for possession of child pornography, Defendant faced a 10-year mandatory minimum sentence if convicted of possession, and a 15-year mandatory minimum sentence if convicted of receipt. 18 U.S.C. § 2252A(b)(1) & (2).

Defendant entered into a Plea Agreement which was a "global resolution" of the two cases and a pending supervised release violation in the District of Utah. Defendant agreed to plead guilty to the Indictment in case 15-16, and to plead guilty to Count I - possession of child pornography in case 15-39. The Government agreed to dismiss Count II of case 15-39, and also to dismiss the pending supervised release violation in the District of Utah. The parties made an agreement as to the sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to recommend a 10-year mandatory minimum sentence on the possession of child pornography count, and 5-years on the failure to register count "to be served consecutively, for a total term of imprisonment of 15 years". (ECF No. 35, ¶ 10, Case No. 15-16). The Plea Agreement further included a waiver of the right to appeal the conviction and sentence if the court imposed the agreed sentence and a partial waiver of the right to pursue a § 2255 motion. (*Id*. at ¶ 19). The waiver language stated, in part: "Defendant further expressly waives his/her right to file any post-conviction motion attacking his/her conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant, and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes sentence." (*Id*.).

The court accepted the 11(c)(1)(C) Plea Agreement, at which point the parties' recommended sentence became binding upon the court. On September 4, 2015, the court sentenced Defendant to the agreed sentence and Judgment was entered in both cases on September 8, 2015. No direct appeal was taken, and the Judgment became final when the 14-day period for filing an appeal expired on September 22, 2015.

ORDER - 2

## II. Discussion

**A. Timeliness** - A motion pursuant to § 2255 must generally be filed within one-year of "the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(f)(1). Defendant's Judgment was entered on September 8, 2015, and became final shortly thereafter when no direct appeal was filed. The instant Motion was not filed until September 2018, three years after the entry of Judgment, and is therefore untimely under the one-year period of limitations, unless some exception applies.

The court observes the Motion is signed and dated May 17, 2017, although it was not received until September 25, 2018. The court also observes that in August 2018, Defendant sent a letter to the court, inquiring as to the "status" of his "appeal" or "2255". (ECF No. 46, Case No. 15-39). The letter stated in part: "I am writing to check on the status, as it has been over 8 months." (*Id*.). The Clerk's office responded and informed Defendant that no direct appeal or 2255 had been filed. Defendant then submitted the instant Motion, dated May 17, 2017, but with no cover letter explaining the discrepancy in dates. Even if Defendant could establish he had properly mailed the Motion from prison on May 17, 2017, and due to no fault of his own, it was not filed, the May 17, 2017 date is still untimely. Defendant was required to file the motion no later than September 22, 2016, unless some exception to the 1-year limitations period applies.

Defendant has offered no explanation for his untimely filing. In the section of his Motion concerning timeliness, where he is to explain why the Motion is not time barred, he has merely written, "N/A". (ECF No. 49, p. 10, Case No. 15-16). No exception to the statutory time period is apparent from the record. Defendant's Motion is time-barred.

**B. The Merits**

The untimeliness of the Motion, filed approximately three years after the Judgments of conviction became final, is dispositive. If the court were to reach the merits, Defendant's four asserted grounds do not demonstrate a basis for relief. Ground

ORDER - 3

One is a conclusory assertion that the sentence was excessive and illegal. The sentence was the agreed upon sentence of the parties and did not exceed the statutory maximum. In fact, the statutory minimum on just one of the counts of conviction, possession of child pornography, was 10 years in light of Defendant's prior convictions. It was further not illegal to run the sentences consecutively. The parties agreed to run the sentences consecutively in the Plea Agreement and 18 U.S.C. § 3584 gives the court discretion in imposing consecutive or concurrent sentences.

Defendant's Ground Two is erroneously entitled "Double Jeopardy" and contends he could not be punished both for violating supervised release and for committing new crimes. This argument is meritless. Further, the sentences he challenges in Case 15-16 and 15-39 were not imposed in supervised release violation proceedings.

Defendant's Ground Three appears to raise an issue as to the search and seizure of a cell phone. This issue was not previously raised via a motion to suppress. Defendant agreed in the Plea Agreement to waive all issues except those concerning ineffective assistance of counsel. Defendant has waived this issue. Further, Defendant was on supervised release when the phone was seized. Defendant stipulated to the statement of facts in the Plea Agreement, which included: "In October of 2014, Defendant Bradbury fled supervised release in Utah after Bradbury observed a phone virus saying his picture was taken while he viewed child pornography on the phone. A federal probation officer found Defendant's Samsung Galaxy cell phone in his dresser at his Duchesne County residence, had it forensically analyzed and found approximately 60 images of child pornography." (ECF No. 27, ¶ 5). According to the factual statement in the Plea Agreement, Defendant was on supervised release, fled, and abandoned the phone. There appears no merit to Defendant's argument, and he has waived the argument.

Defendant's Fourth Ground is entitled "Ineffective Assistance of Counsel". Defendant contends his counsel "failed to argue sentence", did not argue "excessiveness", did not "raise health issues", and did not "argue consecutives". (ECF No. 48, p. 7 of 11).

ORDER - 4

Defendant also argues counsel failed to argue against a lifetime term of supervised release. Defendant agreed to a 15-year custodial term to be followed by a life term of supervised release in the Plea Agreement. (ECF No. 27, ¶ 10). Defendant also argues counsel failed to raise a suppression issue of the cell phone and a 19-day delay in seeking a search warrant. According to the statement of facts in the Plea Agreement, Defendant had at least two cell phones, both of which contained child pornography. Defendant was also on supervised release, and it is a "well-established principle that parolees and other conditional releasees are not entitled to the full panoply of rights and protections possessed by the general public." *United States v. Kincade*, 379 F.3d 813, 833 (9th Cir. 2004). Those on conditional release "enjoy severely constricted expectations of privacy relative to the general citizenry." *Id.* at 834.

In *United States v. Johnson*, 875 F.3d 1265, 1274 (9th Cir. 2017), the Ninth Circuit stated: "we hold that the warantless searches of Johnson's cell phone were constitutionally reasonable, given Johnson's status as a parolee." The court recognized that Johnson still retained limited Fourth Amendment rights, but that the warrantless search did not violate his Fourth Amendment rights. Bradbury further complains of an alleged 19-day delay in obtaining a search warrant for one of the phones. The Ninth Circuit rejected a similar argument in *United States v. Sullivan*, 797 F.3d 623 (9th Cir. 2015), where defendant complained of a 21-day delay in obtaining a warrant for a laptop computer. The court stated: "Sullivan was in custody the entire time on distinct charges, does not argue he made any request for the laptop's return, and had a reduced possessory interest due to his status as a parolee." *Id.* at 635. The determination of whether such a delay is reasonable is made on a case-by-case basis. *Id.* at 633.

Ground Four asserting ineffective assistance of counsel as to a suppression issue, is the only claim which could conceivably afford a basis for relief. However, the Motion and supporting memoranda do not adequately develop this claim to demonstrate it is a plausible claim for relief. The other three asserted grounds are clearly meritless, and

ORDER - 5

most importantly, the instant Motion is time-barred. 28 U.S.C. 2255(f).

**III. Conclusion**

The Motions to Vacate are untimely under 28 U.S.C. § 2255(f) and are denied on that basis. The court has provided some preliminary analysis on the merits of Defendant's claims for the benefit of the pro se petitioner. Ultimately, the conduct to which Defendant plead guilty would have supported a conviction for receipt of child pornography, a count which given his prior conviction, carried a fifteen year mandatory minimum. This fact undercuts all of Defendant's claims about the excessiveness of his sentence, and undercuts in part his claims of ineffective assistance of counsel. The sentence is lengthy, but Defendant received the ten year mandatory minimum sentence on his possession of child pornography conviction. Defendant also received the sentence he agreed to in the Plea Agreement, after being assisted by capable counsel.

**IT IS HEREBY ORDERED:**

1. Defendant's Motions to Vacate (ECF No. 49 in case 15-16; ECF No. 48 in case 15-39) are **DENIED**.

2. Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, this court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right, and the certificate must indicate which specific issue or issues satisfy the showing. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A "substantial showing" includes demonstrating reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Id.* at 483-84. This court's ruling rests on the untimely filing of Motions, and reasonable jurists could not debate the Motions are untimely. *Id.* at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

ORDER - 6

that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). Additionally, the court has briefly addressed the merits and finds the issues inadequate to deserve encouragement to proceed. The court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**. The Clerk is directed to enter this order and provide copies to counsel and to Mr. Bradbury.

**DATED** this 12th day of October, 2018.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7